654 P.2d 800

**STATE of Arizona, Appellee,**

v.

**Darrick Leonard GERLAUGH, Appellant.**

**Nos. 5216, 5214 (consolidated).**

Supreme Court of Arizona,
En Banc.

Oct. 19, 1982.
Rehearing Denied Dec. 7, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

William H. Feldhacker, Phoenix, for appellant.

HAYS, Justice.

After a joint trial, a jury found appellant Darrick Leonard Gerlaugh and codefendant Joseph Albert Encinas[1] guilty of first-degree murder, A.R.S. § 13–1105, armed robbery, A.R.S. § 13–1904, and kidnapping, A.R.S. § 13–1304. The trial court sentenced appellant to a term of 21 years each on the armed robbery and kidnapping offenses to run concurrently. These sentences were to run consecutively with a 35 years to life sentence for violation of probation. For the murder, appellant was sentenced to death. Appellant appealed these convictions and sentences, as well as the revocation of his probation and the sentence then imposed. We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3), and A.R.S. § 13–4031.

Appellant, Encinas and James Matthew Leisure had a few drinks at a friend's house in Chandler on the evening of January 24, 1980. They decided to hitchhike into Phoenix and to rob whomever offered them a ride. At about 11:30 p.m. they were picked up by Scott Schwartz, the victim. Soon afterwards appellant pulled out a gun which he pointed at Schwartz's head. He ordered Schwartz to drive a path which eventually ended on a dirt road on the outskirts of Mesa. The four men got out of the car. Appellant, brandishing the gun, demanded Schwartz's money. Schwartz was able to wrestle the gun away from appellant but his attempts to fire the gun were in vain. The gun was not loaded. Schwartz was then knocked down and beaten for ten or fifteen minutes. Appellant then decided to kill Schwartz so he could not identify his abductors. Encinas and Leisure were instructed to hold Schwartz on the road while appellant got back into the car and ran over Schwartz several times. The victim appeared to still be alive. Appellant took a screwdriver from the rear of the car with which he and Leisure stabbed the victim thirty to forty times.

The three men dragged the victim's body into a nearby field and attempted to conceal it with alfalfa. Then they drove off in Schwartz's car which soon broke down.

The men resumed hitchhiking and were picked up by Harry Roche at about 2:00 a.m. Appellant pulled the gun on Roche and instructed the route which Roche should drive. When they stopped, appellant ordered Roche to get out of the truck, but Roche was able to make a hasty escape.

Several days later Encinas related these events to a person who then went to the police. The three men were arrested; all of them confessed. Additional facts will be discussed as necessary.

Appellant asserts seven arguments on appeal:

1) Appellant's arrest was illegal and the trial court's failure to suppress evidence gained from the arrest was prejudicial error.

2) The trial court erred in denying appellant's motion to sever and his objection to admission of hearsay testimony.

1. *State v. Encinas,* 132 Ariz. 493, 647 P.2d 624 (1982).

3) The trial court's denial of appellant's motion requesting that the state choose the theory of guilt on which it proceeded was prejudicial because the charges were duplicitous.

4) The court's refusal to instruct on second degree murder was error since the instruction was reasonably supported by the evidence.

5) The photographs of the victim's body were improperly admitted because they were so gruesome as to influence the passions of the jury.

6) The court erroneously denied appellant's motion for a directed verdict of acquittal because the state did not establish a corpus delicti for either kidnapping or armed robbery prior to the admission of the statement.

7) Double jeopardy and A.R.S. § 13–116 preclude sentencing for felony murder after sentence for the underlying felony.

Additionally, appellant asks, without argument, that we vacate the revocation of his probation and the sentence imposed therein.

Lastly, after searching the record pursuant to A.R.S. § 13–4035, we found error in the use of Mr. Roche's post-hypnosis testimony. We address each of these issues below. However, we affirm the trial court's convictions and sentences.

WARRANTLESS ARREST

Appellant contends his warrantless arrest was illegal and the fruits of such arrest, *i.e.,* his confession, should have been suppressed. The probable cause for the arrest is not questioned. At an evidentiary hearing the following facts were developed.

On January 31, 1980, at about 4:10 p.m. the Maricopa County police received information that appellant, Encinas and Leisure were suspects in the homicide of Scott Schwartz. At approximately 6:45 that evening four policemen approached the front door of appellant's home. Lieutenant Jones knocked on the door. Two of the officers testified they heard a girl's voice say "come in" as the door opened. Jones could not recall whether or not someone said come in. Beverly Gerlaugh, appellant's 15-year-old sister, testified that she opened the door but did not say come in. She also stated the policemen did not push her aside as they entered. They were not asked to leave until after they arrested appellant.

The trial court found the policemen were voluntarily admitted into appellant's home. Although the evidence is contradictory, the trial court is in the position to assess the credibility of the witnesses, to observe their demeanor and to determine possible bias or interests. On a motion to suppress, we view the facts in the light most favorable to the trial court's ruling. *State v. Childs,* 113 Ariz. 318, 553 P.2d 1192 (1976). The trial court's ruling on a motion to suppress will not be disturbed on appeal absent clear and manifest error. *State v. Smith,* 123 Ariz. 231, 599 P.2d 187 (1979).

Appellant cites *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), as holding that police cannot make a warrantless arrest in the home, absent exigent circumstances. However, *Payton* excludes cases where the entry was with the consent of the occupant. 445 U.S. at 582, 100 S.Ct. at 1378. Even were the instant case within the parameters of *Payton,* a special circumstance was present which permits the entry complained of. *State v. Cook,* 115 Ariz. 188, 189, 564 P.2d 877 (1977).

Further, appellant contends the police violated the "knock and announce" rule, A.R.S. § 13–3891[2] (previously A.R.S. § 13–1411). We do not find this rule applicable because the officers were neither refused admittance nor did they enter forcibly. We find appellant's arrest was legal and his confession was properly admitted. The tri-

---

**2.** A.R.S. § 13–3891 provides: "An officer, in order to make an arrest either by virtue of a warrant, or when authorized to make such arrest for a felony without warrant, as provided in § 13–3883, may break open a door or window of any building in which the person to be arrested is or is reasonably believed to be, if the officer is refused admittance after he has announced his authority and purpose."

al court did not err in denying applicant's motion to suppress.

## MOTION TO SEVER

■ At the joint trial the confessions of both appellant and Encinas were admitted into evidence. Appellant contends that the court erred in denying his motion to sever, and that his sixth-amendment right to confrontation has been denied. He cites *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, the *Bruton* rule does not apply when the confessions are interlocking. *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979); *State v. Mata*, 125 Ariz. 233, 609 P.2d 48, *cert. denied*, 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980).

In the instant case, the consequences of admitting Encinas' confession are not "devastating" as in *Bruton* because appellant's confession was also admitted. The inherent suspicion of a codefendant's confession is attenuated when the defendant corroborates his statement by "heaping the blame upon himself." *Parker v. Randolph, supra,* 442 U.S. at 73, 99 S.Ct. at 2139. The *Parker* court held admission of interlocking confessions with proper limiting instructions conforms to the requirements of the sixth and fourteenth amendments.

■ Additionally, appellant claims the confessions are not interlocking. Confessions interlock if they are consistent on the major elements of the crime and there is nothing in the codefendant's confession that implicates the defendant any more in the commission of the crime than did the defendant's own confession. *State v. Mata, supra.* The interlocking confession doctrine does not require absolute identity of statements. *State v. Clovis*, 127 Ariz. 75, 618 P.2d 245 (App.1980). The confessions given by appellant and Encinas were very similar. The trial court found the confessions were interlocking. The granting of a motion to sever is within the discretion of the trial court. *State v. McGill*, 119 Ariz. 329, 580 P.2d 1183 (1978). Additionally, the trial court in the instant case correctly instructed the jury that each statement could only

be considered against the defendant who gave the statement. In light of this limiting instruction and the interlocking confessions, we find no error.

## HEARSAY OBJECTION

■ At trial, appellant objected to the admission of the codefendant's statement through the testimony of the police detectives on the grounds it was hearsay. 17A A.R.S. Rules of Evidence, rule 801(d)(2)(A) provides:

> (d) ... A statement is not hearsay if—
>
> . . . .
>
> (2) ... The statement is offered against a party and is (A) his own statement ...

Here, the statement of Encinas was his own statement and it was offered against him. It is not hearsay. The court did not err in denying appellant's objection.

## DUPLICITOUS INDICTMENT

■ In Count III of the indictment, appellant was charged with first degree murder in violation of A.R.S. § 13–1105. The indictment set forth two bases for this charge; the first was causing death with premeditation, the second, felony murder. Appellant contends these charges were duplicitous.

■ An indictment which charges two or more distinct crimes in a single count is duplicitous. *State v. O'Brien*, 123 Ariz. 578, 601 P.2d 341 (App.1979), 17 A.R.S. Rules of Criminal Procedure, rule 13.3(a). However, in Arizona, first-degree murder is only one crime whether it is premeditated murder or a felony murder. *State v. Encinas*, 132 Ariz. 493, 647 P.2d 624 (1982); *State v. Axley*, 132 Ariz. 383, 646 P.2d 268 (1982). In *Encinas* we stated:

> "Although a defendant is entitled to a unanimous jury verdict on whether the criminal act charged has been committed, *State v. Counterman*, 8 Ariz.App. 526, 448 P.2d 96 (1968), the defendant is not entitled to a unanimous verdict on the precise

manner in which the act was committed. *See Counterman, supra . . ."*

132 Ariz. at 496, 647 P.2d at 627.

Count III of the indictment charged appellant with only one crime. The indictment was not duplicitous. We find no error.

## SECOND–DEGREE MURDER INSTRUCTION

■ The trial court must instruct on every grade of an offense which evidence presented at trial will support. *State v. Moreno,* 128 Ariz. 257, 625 P.2d 320 (1981); *State v. Contreras,* 107 Ariz. 68, 481 P.2d 861 (1971). Appellant asserts the court erred in refusing to instruct the jury on second-degree murder. To support an instruction for second-degree murder, the evidence reasonably construed should tend to show lack of premeditation. *State v. Moreno, supra.*

■ A.R.S. § 13–1101(1) defines premeditation:

" 'Premeditation' means that the defendant acts with either the intention or the knowledge that he will kill another human being, when such intention or knowledge precedes the killing by a length of time to permit reflection. An act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion."

After reviewing appellant's confession and the other facts presented at trial, we find no evidence that when reasonably construed tends to show the absence of premeditation. We find no error.

## GRUESOME PHOTOGRAPHS

■ Several photographs were admitted at trial despite appellant's objection that they were so gruesome as to inflame the passions of the jury. If gruesome evidence is admitted for the sole purpose of inflaming the jury, we will reverse on appeal. *State v. Steele,* 120 Ariz. 462, 586 P.2d 1274 (1978). However, gruesome or inflammatory evidence may be admitted if it is material to some aspect of the case. *State v. Steele, supra; State v. Zaerr,* 110 Ariz. 585, 521 P.2d 1131 (1974); *State v. Thomas,* 110 Ariz. 120, 515 P.2d 865 (1973). In such circumstances, the trial court must determine whether the probative value of the evidence outweighs its potential to prejudice the jury. *State v. Navarre,* 132 Ariz. 480, 647 P.2d 178 (1982); 17A A.R.S. Arizona Rules of Evidence, rule 403.

■ Photographs can be admitted to aid in identifying the victim, to illustrate how the crime was committed, to aid the jury in understanding testimony, and to show the location of mortal wounds. *State v. Navarre, supra; State v. Schad,* 129 Ariz. 557, 633 P.2d 366 (1981), *cert. denied,* 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 693 (1982). In the instant case, the photographs showed the body of Scott Schwartz in the alfalfa field where it was found by police officers. While the photographs are admittedly gruesome, we cannot say, after a careful review of the evidence, that the trial court abused its discretion in admitting the photographs. Before trial, counsel stipulated to the identity of the victim but state's counsel would not stipulate to the cause of death. The photographs could have shown the jury the location of the wounds and illustrated how the crime was committed. Although the medical examiner testified that he did not need the photographs to describe the wounds to the jury, they may have assisted the jury in understanding his testimony, particularly in light of the fact that his descriptions were couched in technical medical terms.

■ The trial court has discretion to admit or exclude gruesome photographs, and competent evidence will not be excluded simply because it may arouse emotions. *State v. Ferrari,* 112 Ariz. 324, 541 P.2d 921 (1975). The discretion of the trial court in admitting evidence will not be disturbed on appeal unless it has been clearly abused. *State v. Chatman,* 109 Ariz. 275, 508 P.2d 739, *cert. denied,* 414 U.S. 1010, 94 S.Ct. 373, 38 L.Ed.2d 247 (1973). We find no error.

## CORPUS DELICTI

■ Appellant contends the trial court erred in denying his motion for direct-

ed verdict of acquittal because the state did not establish a corpus delicti for either kidnapping or armed robbery prior to the admission of his statement. In order to establish the corpus delicti, the state must prove that a certain result has been produced and that someone is criminally responsible for that result. *State v. Janise,* 116 Ariz. 557, 570 P.2d 499 (1977). In *Janise* we stated that only a reasonable inference of the corpus delicti need exist before a confession may be considered; it need not be proven beyond a reasonable doubt. In addition, the order of proof is within the discretion of the trial court. When the corpus delicti is later established, a variation in the order of proof does not constitute prejudice to the defendant. *State v. Gambrell,* 116 Ariz. 188, 568 P.2d 1086 (App.1977).

■■■■ An accused may not be convicted on his own uncorroborated confession. The purpose of this rule is to prevent errors in convictions based on untrue confessions alone. *Smith v. United States,* 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954). In the case at bench, the two defendants freely and voluntarily confessed. Each statement indicated that a kidnapping, an armed robbery and a homicide had taken place. The mutilated body of the victim was found in a field far from his home and car. The condition of the body was consonant with the activities described by the men in their confessions. This corroboration points to the veracity of the confessions; the purpose behind the corroboration requirement has been satisfied.

■■■■ While the statement made by the codefendant could not be considered by the jury to determine appellant's guilt, we find it could be used to help establish the corpus delicti for the crimes involved, *i.e.,* the fact that the offenses were actually committed, without regard for who committed them. This statement along with the other evidence presented at trial established at least a reasonable inference of the necessary corpus delicti. We held long ago that a confession freely and voluntarily made, the corpus delicti being established even though by

circumstantial evidence, will sustain a conviction. *Douglas v. State,* 26 Ariz. 327, 225 P. 335 (1924). This is true here. The trial court correctly denied appellant's motion for directed verdict of acquittal.

## DOUBLE JEOPARDY

■■■■ Appellant asserts that the trial court violated A.R.S. § 13–116 and the double jeopardy clause by sentencing appellant to death for murder after sentencing him for kidnapping and robbery. A.R.S. § 13–116 provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, to the extent the constitution of the United States or of this state require."

Even were we to accept appellant's assertion that he was sentenced to death for felony murder,[3] his argument would be without merit. A similar contention was raised in *State v. Edwards,* 122 Ariz. 206, 594 P.2d 72 (1979), *rev'd on other grounds,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378, *reh. denied,* 452 U.S. 973, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981). We stated:

"Edwards also contends that a conviction and sentence for robbery, burglary, and murder violate the double-punishment statute, A.R.S. § 13–1641 (now § 13–116). In *State v. Miniefield,* 110 Ariz. 599, 603, 522 P.2d 25, 29 (1974), we held that convictions and sentences for both first degree murder and arson (the underlying felony) did not violate A.R.S. § 13–1641. *Accord, State v. Clayton,* 109 Ariz. 587, 600, 514 P.2d 720, 733 (1973). We find these cases controlling."

122 Ariz. at 216, 594 P.2d at 82.

We find these cases controlling here as well.

**3.** Appellant was convicted of first-degree murder.

## PROBATION REVOCATION

In 1978, appellant was placed on probation following a conviction for the crime of robbery. Before trial in the instant case, the parties stipulated that evidence adduced at trial could be used to determine if appellant had violated the terms and conditions of his probation. The state must prove a violation of probation by a preponderance of the evidence. *State v. LeMatty,* 121 Ariz. 333, 590 P.2d 449 (1979). This burden was more than satisfied at trial. We find no error in the resulting revocation and the sentence imposed by the trial court.

## POST-HYPNOSIS TESTIMONY

At trial, Harry Roche testified about the incident where he picked up the three hitchhikers after they had murdered Scott Schwartz. After reporting the incident, Roche was hypnotized by a member of the Maricopa County Sheriff's Department to help him more clearly identify the three men. He was unable to do so, even at trial.

Although counsel for appellant did not raise the hypnosis issue on appeal, we will address it pursuant to A.R.S. § 13–4035 which requires us to search the record for fundamental error when a criminal defendant appeals. In *State v. Encinas,* 132 Ariz. 493, 647 P.2d 624 (1982), we considered this issue as it applied to the codefendant in this case. There we discussed the recent case law on the admissibility of testimony of witnesses in a criminal trial who have undergone hypnosis. After our decisions in *State ex rel. Collins v. Superior Court,* 132 Ariz. 180, 644 P.2d 1266 (1982), and *State v. Mena,* 128 Ariz. 226, 624 P.2d 1274 (1981), the law provides a witness is incompetent to testify to facts recalled after hypnosis. However, as noted in *Encinas,* the hypnosis of Roche, as well as his hypnotically refreshed testimony occurred prior to our decision in *Mena.* Therefore, we will not reverse the conviction if the introduction of the testimony was harmless error.[4] *State ex rel. Collins v. Superior Court, supra.* In the instant case we find the error harmless. Roche could not identify appellant at trial. Additionally, he did not provide evidence directly relating to the elements of the crimes with which appellant was charged. Appellant's own statement was the most damaging evidence against him. We do not find appellant was prejudiced by Roche's testimony.

The convictions and sentences are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.

4. In cases tried before *Mena,* we will treat such hypnosis issues as questions of fundamental error. As such, they may be raised on appeal for the first time by defendant or by the court. However, in cases tried after *Mena,* the issue must be raised in the trial court to be preserved for appeal. *State v. Thomas,* 133 Ariz. 533, 652 P.2d 1380 (1982).