659 P.2d 642

**STATE of Arizona, Appellee,**

v.

**Darrick Leonard GERLAUGH, Appellant.**

**Nos. 5214, 5216.**

Supreme Court of Arizona,
En Banc.

Jan. 20, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

William H. Feldhacker, Phoenix, for appellant.

HAYS, Justice.

■ It has come to our attention that in our opinion filed October 19, 1982, 134 Ariz. 164, 654 P.2d 800, we failed to set forth our independent review of the evidence regarding aggravating and mitigating circumstances. None of the issues raised by counsel on appeal concerned the penalty imposed but we, nevertheless, have an obligation to examine the aggravating and mitigating circumstances to determine if the evidence supports the imposition of the death penalty. *State v. Richmond,* 114 Ariz. 186, 560 P.2d 41, *cert. denied,* 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1011 (1976).

■ The trial court in its special verdict found the following aggravating circumstances:

1. That appellant has been convicted of an offense for which, under Arizona law, a sentence of life was imposable;

2. That appellant committed this offense in expectation of the receipt of something of value;

3. That appellant committed the offense in an especially heinous, cruel or depraved manner.

The court further found that the fact that the appellant was 19 years of age at the time of the commission of the offense might be considered a mitigating circumstance, and further found no other mitigating circumstances were presented to the court nor were they present in the record.

In our independent review, we find that the findings of the trial court are fully supported by an abundance of evidence. It would serve no useful purpose to reiterate the horrible details of the "especially heinous, cruel or depraved manner" in which the murder was accomplished.

We find no mitigating circumstances in the record which could outweigh the aggravating circumstances; this includes the age of appellant.

There is one final matter which we must address as indicated by the following quotation from *State v. Richmond, supra:*

"[This court must determine] whether the sentences of death are excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant...."

114 Ariz. at 196, 560 P.2d at 51.

It is obvious that the evidence in this case takes it far beyond the norm in homicides. The imposition of the death penalty here cannot be characterized as an arbitrary and capricious imposition of that penalty. As this case appears to be an example of the most extreme factual situations with virtually no mitigation, no useful purpose would be served in comparing, discussing or citing other homicide cases.

We affirm the imposition of the death penalty.

HOLOHAN, C.J., GORDON, V.C.J., and FELDMAN, J., concur.

CAMERON, Justice, concurring.

I agree that the death penalty is appropriate in the instant case. I feel, however, that the imposition of this most serious sanction requires a more thorough enunciation of our reasons than is contained in the supplemental opinion.

### INDEPENDENT REVIEW

In every death penalty case we must conduct an "independent review of the facts that establish the presence or absence of aggravating and mitigating circumstances * * *." (citations omitted) We then "determine for ourselves if the latter outweigh the former when we find both to be present." *State v. Richmond,* 114 Ariz. 186, 196, 560 P.2d 41, 51 (1976) (citations omitted), cert. denied 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1976).

The trial court correctly found the aggravating circumstance of A.R.S. § 13–703(F)(1), that defendant had been convicted of another offense for which life imprisonment or death was imposable. Defendant has a previous conviction for robbery, a felony under former A.R.S. § 13–641, for which a maximum sentence of life imprisonment was imposable under former A.R.S. § 13–643.

The trial court was also correct in finding the existence of A.R.S. § 13–703(F)(5), that the defendant committed the crime for pecuniary gain. In *State v. Clark,* 126 Ariz. 428, 616 P.2d 888 (1980), cert. denied 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), we held that this aggravating circumstance was not limited to the "contract" killing situation, but rather involves any murder committed for "financial motivation." Id. at 436, 616 P.2d at 896. The facts of this case amply support the conclusion that the taking of Schwartz's money was the motivation for this crime. It is well settled that in this type of robbery/murder situation, the pecuniary gain circumstance is established. *See, e.g. State v. Poland,* 132 Ariz. 269, 285–86, 645 P.2d 784, 800–01 (1982); *State v. Blazak,* 131 Ariz. 598, 605, 643 P.2d 694, 701 (1981).

The third and last aggravating circumstance found by the trial judge is that, "[t]he defendant committed the offense in an especially heinous, cruel, or depraved manner." A.R.S. § 13–703(F)(6). We agree that this aggravating circumstance is present here, as the victim Schwartz was killed in a cruel manner. We have held on numerous occasions that cruelty involves the infliction of pain and distress on the victims prior to their deaths. *State v. Gretzler,* 135 Ariz. 42, 659 P.2d 1, 9–10 (1983); *State v. Tison,* 129 Ariz. 526, 543, 633 P.2d 335, 352 (1981). Under this standard the present killing was clearly cruel. Before murdering the victim, the killers subjected him to severe beatings for a period lasting between ten and fifteen minutes. With the victim still struggling, two of his assailants held him down to the road while the third, Gerlaugh, got into the victim's car and ran him over with it several times. The evidence shows that although the victim was badly hurt, he was still conscious at this time, and in fact began pleading with his assailants to tell him the reason for their attack. Defendant Gerlaugh then took a screwdriver from the rear of the car, which was used to stab the victim numerous times until his death. By killing Schwartz in this manner, the murderers caused him to suffer

pain to an extent which clearly constitutes cruelty under our sentencing statute.

In mitigation the defendant offers that he was nineteen years old at the time of the crime. The trial judge found that in view of defendant Gerlaugh's individual maturity and experience by this age, youth was not a substantial mitigating circumstance in this case. We agree with this assessment, and find that there are no mitigating circumstances sufficiently substantial to outweigh the aggravating circumstances present. The death penalty is proper in this case.

## PROPORTIONALITY REVIEW

In addition to making an independent determination of the propriety of sentence in each death penalty case, this court also conducts a "proportionality review" to determine "whether the sentences of death are excessive or disproportionate to the penalty imposed in similar cases * * *." (citations omitted) *State v. Richmond,* supra, 114 Ariz. at 196, 560 P.2d at 51. *See also Harris v. Pulley,* 692 F.2d 1189, 1196–97 (9th Cir.1982) (finding that such review is also required by United States Supreme Court precedent).

It must be noted at the outset that one of the accomplices, Encinas, was also tried for his participation in this crime, and received a sentence of life imprisonment without the possibility of parole for twenty-five years.[1] While a different sentence received by an accomplice is an important consideration in proportionality review, it need not be dispositive where sufficient reasons exist to justify that difference. Such reasons exist in the present case. Considerations calling for lenience in the case of Encinas included the fact that he was a first-time offender, having no prior criminal record; his youth, being eighteen at the time of the crime; and the genuine remorse he expressed for his participation in these events. On the

other hand, considerations calling for harsher punishment for Gerlaugh included his prior record of assaultive crime, his greater level of maturity and experience than Encinas, and his complete lack of remorse when discussing the crime. The sentences of these two defendants, while different, are therefore still proportionate.

In addition, the sentence received by defendant Gerlaugh is proportionate to sentences given in other cases. The cases of *State v. Gretzler,* supra; *State v. (Ricky) Tison,* supra; *State v. (Raymond) Tison,* 129 Ariz. 546, 633 P.2d 355 (1981); and *State v. Steelman,* 126 Ariz. 19, 612 P.2d 475 (1980) are of particular relevance. In each of these cases the defendant received the death penalty based on his prior criminal record, a finding that the killing was for penuniary gain, and a finding that the killing was "heinous, cruel, or depraved." Further, the sentence in this case is proportionate to resolutions in *State v. Jordan,* 126 Ariz. 283, 614 P.2d 825 (1980), cert. denied 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980); *State v. Ceja,* 126 Ariz. 35, 612 P.2d 491 (1980); and *State v. Evans,* 120 Ariz. 158, 584 P.2d 1149 (1978), sentence aff'd 124 Ariz. 526, 605 P.2d 16 (1980), cert. denied 449 U.S. 891, 101 S.Ct. 252, 66 L.Ed.2d 119 (1980). Each of these cases involved robbery/murders in which the defendant was given the death penalty where some but not all of the above aggravating circumstances were present.

We have also examined the entire record for fundamental error, pursuant to A.R.S. § 13–4035, and find none.

---

1. The charges against the remaining accomplice, Leisure, were not brought to trial, but instead were disposed of through a comprehensive plea agreement covering this and other alleged crimes. Through this agreement he received two concurrent sentences of life imprisonment without the possibility of parole for twenty-five years, and a sentence of twenty-one years to be served consecutively to the two life terms. *State v. Leisure* (Nos. 5217, 5246, & 5264, Memorandum Decision, filed 13 September 1982).