684 P.2d 174

**The STATE of Arizona, Appellant,**

v.

**John David KING, Appellee.**

**No. 2 CA–CR 3341.**

Court of Appeals of Arizona,
Division 2.

June 22, 1984.

Stephen D. Neely, Pima County Atty. by David R. Ramage-White, Tucson, for appellant.

Carl M. Tootle, Tucson, for appellee.

## OPINION

HOWARD, Judge.

■ This is an appeal by the state from the granting of a motion to suppress. We will view the facts in the light most favorable to the trial court's ruling on the motion to suppress and its ruling will not be disturbed on appeal absent clear and manifest error. *State v. Gerlaugh*, 134 Ariz. 164, 654 P.2d 800 (1982), supplemented 135 Ariz. 89, 659 P.2d 642 (1983).

Based upon allegations made during interviews with appellee's former wife and his daughter, Detective Christine Cox of the Pima County Sheriff's Office determined to arrest appellee on charges of child molestation.

Detective Cox telephoned appellee at his place of employment and told him she was investigating some allegations and his name had come up and she needed to talk to him. Detective Cox asked appellee to come down to the sheriff's station which he did.

After his arrival, Detective Cox took appellee to an interview room and told him that she was investigating allegations of sexual molestation by him of his daughter. She asked his name, age, address and that of his wife and then read him his *Miranda* rights. Appellee said that he wanted to talk to the detective but first he wanted to talk to his lawyer. He called his lawyer on the telephone but was unable to get in contact with him since he was out of town. After appellee was unable to contact his attorney, Detective Cox initiated further conversation regarding the waiver of his right to an attorney. She told him that they were at "square one" and that she wanted to hear what he had to say. She

told appellee that if he wanted to talk to her prior to his talking to his attorney then he would have to waive his right to an attorney and she further told him that she still needed to talk to him about these things and would like to hear his side of it. When appellee asked if his talking would mean that he had to give up his right to an attorney, Detective Cox told him that it did not.

Appellee then talked with the detective for 45 minutes to an hour, after which she took his tape-recorded statement. During this conversation he admitted two acts of child molestation. Detective Cox talked with appellee sometime after that and told him that she wanted to get certain items, which included pornographic machines and sexual devices which appellee had told her were located in the home. Appellee signed a consent to search his residence for these items.

On the way to the jail, appellee initiated a further conversation and told Detective Cox that he had some marijuana seeds in his closet which she could take but that his wife had nothing to do with them.

After booking appellant at the jail, Detective Cox went to his residence and seized some magazines and a tube of lubricating gel.

■ In *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the Supreme Court held that after the right to counsel had been asserted by an accused, further interrogation of the accused should not take place unless the accused himself initiates further communication, exchanges or conversations with the police.

In *Edwards* the court also stated:

"... We reconfirm these views and, to lend them substance, emphasize that it is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has *clearly* asserted his right to counsel." (Emphasis added) 451 U.S. at 485, 101 S.Ct. at 1885.

The state contends that Detective Cox, when she spoke to appellee after he was

unable to contact his attorney on the telephone, was merely trying to clear up an equivocal or ambiguous request for counsel. See *State v. Hicks*, 133 Ariz. 64, 649 P.2d 267 (1982). The appellee, here, wanted to talk to his lawyer prior to the time that he talked to the detective.

■ As for appellee's statement as to the location of marijuana in his home, it was the product of his confession to the police. He had already told them about the location of other material inside the home and that they were going to search the premises. It therefore was inadmissible under the "cat out of the bag" rule of *State v. Ashelman*, 137 Ariz. 460, 671 P.2d 901 (1983).

■ Having secured no search warrant, the seizure of the articles in appellee's home can only be upheld if there was a valid consent to the search. The consent was obtained here only after an *Edwards* violation. The issue here is whether that consent was valid.[1] We start with the basic proposition that the test to be applied is whether the consent was voluntary in light of all of the circumstances. *State v. Knaubert*, 27 Ariz.App. 53, 550 P.2d 1095 (1976). The fact that appellee was in custody does not, alone, demonstrate a coerced consent to search. *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Nor need *Miranda* warnings be given prior to securing a valid consent to search. *State v. Dean*, 112 Ariz. 437, 543 P.2d 425 (1975). Here, however, appellee asked to speak to an attorney prior to interrogation. He invoked his *Miranda* rights. A request for a search is a request that a defendant incriminate himself. *State v. Williams*, 248 Or. 85, 432 P.2d 679 (1967). *Edwards* forbids such conduct by the police after a request for an attorney. Since the consent was the product of a violation of *Edwards*, it cannot serve to legitimize the warrantless search. See *United States v. Fisher*, 329 F.Supp. 630 (D.Minn.1971) and *Pirtle v. State*, 263 Ind. 16, 323 N.E.2d 634 (1975).

We do not decide here whether or not the poisonous tree doctrine applies to all physical evidence obtained in consequence of a voluntary confession elicited in violation of the prophylactic rules of *Miranda* and *Edwards*. That question still remains open. See *United States v. Scalf*, 708 F.2d 1540 (10th Cir.1983). See concurring opinion of Justice White in *Michigan v. Tucker*, 417 U.S. 433, 460–61, 94 S.Ct. 2357, 2372, 41 L.Ed.2d 182 (1974) (evidence which is a fruit of a violation of prophylactic rules of *Miranda* should not be excluded) and *Wilson v. Zant*, 249 Ga. 373, 290 S.E.2d 442, 447–48 (1982) (fruit of a violation of *Edwards* is admissible if the confession was voluntary), cert. den., 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 940 (1982); but compare *United States v. Downing*, 665 F.2d 404, 407–09 (1st Cir.1981) (fruit of *Edwards*-tainted statement must be suppressed) and *Massachusetts v. White*, 374 Mass. 132, 371 N.E.2d 777, 781 (1977) (fruit of a violation of *Miranda* rules must be suppressed), aff'd by an equally divided court, 439 U.S. 280, 99 S.Ct. 712, 58 L.Ed.2d 519 (1978) (mem.). We only decide here that after invocation of the right to an attorney, a search cannot be based upon consent obtained after such invocation absent attenuating circumstances which did not exist here.

Affirmed.

BIRDSALL, C.J., and HATHAWAY, J., concur.

---

**1.** See generally, Annot. 9 A.L.R.3rd 858, validating of consent to search given by one in custody of officers.