NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAKE PETER DOMPKOWSKI, *Appellant.*

No. 1 CA-CR 20-0113
FILED 12-10-2020

Appeal from the Superior Court in Yavapai County
No. V1300CR201880257
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By David R. Cole
*Counsel for Appellee*

Law Offices of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1 Jake Peter Dompkowski challenges the trial court's ruling on his claim of prosecutorial misconduct and his motion for a mistrial. He asks this court to reverse his convictions and remand for a new trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In April 2018, then-patrol deputy Erik Trahin responded to a call involving Dompkowski. When Trahin arrived, he contacted Dompkowski, and soon thereafter he was directed via radio to arrest Dompkowski for a separate incident. When Trahin searched Dompkowski incident to arrest, he discovered a container holding two baggies, one containing methamphetamine and the other containing heroin.

¶3 The State indicted Dompkowski for possession or use of a dangerous drug (methamphetamine), a class four felony; two counts of possession of drug paraphernalia, a class six felony; and possession of a narcotic drug (heroin), a class four felony. The State also alleged Dompkowski's three prior convictions as aggravating factors.

¶4 At trial, Dompkowski argued primarily that the chain of custody for the seized baggies was deficient. The State called only two witnesses in its case-in-chief, Trahin and the forensic scientist who examined the contents of the baggies. During direct examination, the State asked Trahin whether, based on his training and experience, he recognized that the baggies contained methamphetamine and heroin. Trahin responded yes, and later, when the State asked about the chain of custody for the baggies, it asked, "[a]nd what do you do with the two sealed envelopes that contain the baggy of heroin and the baggy of meth?" Trahin answered, "[p]lace them into larger manilla envelopes." Dompkowski did not object to these questions.

¶5 After the State rested, Dompkowski argued that the State had failed to establish a sufficient chain of custody to authenticate the seized

baggies and that substantial evidence did not support a conviction. *See* Ariz. R. Crim. P. 20(a)(1). The court ruled that the chain-of-custody argument went to the weight of the evidence, but did not affect its admissibility, and denied Dompkowski's motion.

¶6         During closing arguments, the State argued to the jury that:

[The baggies] come back to the Camp Verde Marshall's Office. Detective Trahin gets them out of evidence from [evidence technician] Debbie Hughes and brings them to court. That's the chain of custody. Okay? If there's a missing person, like Debbie Hughes didn't come and testify, you can still determine that the chain of custody is fine; that there is no problem. Nobody messed with this evidence. And I would submit to you, ladies and gentlemen, based on the testimony you heard yesterday, this evidence wasn't messed with.

Dompkowski objected that the State had vouched for the evidence and moved for a mistrial, but the court denied the motion.

¶7         The jury found Dompkowski guilty on all counts. The court sentenced him to a slightly mitigated term of nine years' imprisonment.

¶8         Dompkowski timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031 and -4033(A).

## DISCUSSION

¶9         Dompkowski challenges the trial court's (1) admission of allegedly improper testimony by the State; and (2) denial of his motion for mistrial based on the prosecutor's comments during closing argument, which Dompkowski asserts improperly vouched for the State's evidence and impugned defense counsel.

I.     Standard of Review

¶10        We generally review a trial court's decision not to grant a mistrial for alleged prosecutorial misconduct for an abuse of discretion. *State v. Jones*, 197 Ariz. 290, 301, ¶ 20 (2000). However, because Dompkowski did not object to the court's alleged admission of improper testimony by the State, or to the alleged instance of prosecutorial misconduct on the grounds of improperly impugning opposing counsel, we review those arguments for fundamental error only. *See State v. Hughes*,

193 Ariz. 72, 85, ¶ 58 (1998); *State v. Lopez*, 217 Ariz. 433, 434, ¶ 4 (App. 2008) ("[A]n objection on one ground does not preserve the issue on another ground. When a party fails to object properly, we review solely for fundamental error.").

II. Admission of allegedly improper testimony by the State

¶11 Dompkowski argues the trial court abused its discretion by allowing the State to elicit facts not in evidence when Trahin identified the contents of the seized baggies as heroin and methamphetamine before the State's forensic expert had testified.

¶12 Dompkowski's claim fails because he has not carried his burden on fundamental error review. *See State v. Jones*, 248 Ariz. 499, 501, ¶ 7 (App. 2020). He argues the testimony constituted fundamental error, but he does not argue prejudice. Accordingly, we must determine whether "the error was so egregious that he could not possibly have received a fair trial." *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). To meet this standard, "the error must so profoundly distort the trial that injustice is obvious without the need to further consider prejudice." *Id.* at 141, ¶ 20.

¶13 Dompkowski has not shown the type of fundamental error that would require reversal. He argues "[t]here is a strong probability that the subsequent verdict was influenced by [the State's] remarks," citing *State v. Salcido*, 140 Ariz. 342, 344 (App. 1984). However, the comments in *Salcido* were more egregious, and the court in that case reviewed for harmless error. *See id.* at 343–44 (concluding that prosecutor's comment in closing argument that he had seen evidence that was never presented to the jury was "clearly improper and called to the jurors' attention facts which were not in evidence and which pertained to crucial matters for the jury's determination"). The comments in this case were not "so egregious that [Dompkowski] could not possibly have received a fair trial"; the comment was isolated, and Trahin had already testified that based on his training and experience, the baggies appeared to contain methamphetamine and heroin. Moreover, the State subsequently presented expert testimony—which Dompkowski does not challenge on appeal—from the forensic scientist who examined the drugs and who testified that the drugs were methamphetamine and heroin. Thus, any possible error in admitting Trahin's testimony was harmless. *See State v. Gerlaugh*, 134 Ariz. 164, 170 (1982) ("[T]he order of proof is within the discretion of the trial court. When the corpus delicti is later established, a variation in the order of proof does not constitute prejudice to the defendant."). The comments do not require reversal.

III.    Comments during closing argument and motion for mistrial

¶14        Dompkowski argues the State committed prosecutorial misconduct by vouching for the evidence and impugning the integrity of opposing counsel during closing argument.  He focuses on the State's comment that "[n]obody messed with this evidence.  And I would submit to you, ladies and gentlemen, based on the testimony you heard yesterday, this evidence wasn't messed with."

¶15        "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Goudeau*, 239 Ariz. 421, 465, ¶ 193 (2016) (quoting *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998)).  "We will reverse a conviction for prosecutorial misconduct only if (1) the prosecutor committed misconduct and (2) a reasonable likelihood exists that the prosecutor's misconduct could have affected the verdict." *State v. Benson*, 232 Ariz. 452, 463, ¶ 40 (2013).  "The defendant's burden is to prove the misconduct was 'so pronounced and persistent that it permeate[d] the entire atmosphere of the trial.'" *Goudeau*, 239 Ariz. at 465, ¶ 193 (quoting *State v. Morris*, 215 Ariz. 324, 335, ¶ 46 (2007)).

        A.    Claim that comment impugned the integrity of opposing counsel

¶16        Like Dompkowski's argument above, his argument that the comments impugned the integrity of opposing counsel fails because he has not argued or otherwise established fundamental error. *See State v. Johnson*, 247 Ariz. 166, 185, ¶ 41 (2019) ("To prevail [on fundamental error review], a defendant must establish both that fundamental error occurred and that it caused him prejudice (though showing the former may establish the latter).").  Moreover, the prosecutor did not refer to opposing counsel, and instead simply addressed Dompkowski's primary defense at trial—an incomplete chain of custody. *See State v. Ramos*, 235 Ariz. 230, 238, ¶ 25 (App. 2014) (stating that although jury argument that impugns the integrity of opposing counsel is improper, criticism of defense theories and tactics is a proper subject of closing argument).  Accordingly, the comment during closing argument was not improper.  Moreover, although Dompkowski argues the error was not harmless, he has failed to show fundamental error and/or prejudice, and his claim thus fails. *See Johnson*, 247 Ariz. at 185, ¶ 41.

B.      Claim that comment constituted improper vouching

¶17      "Two general forms of prosecutorial vouching exist: (1) when 'the prosecutor places the prestige of the government behind its witness'; or (2) when 'the prosecutor suggests that information not presented to the jury supports the witness's testimony.'" *State v. Acuna Valenzuela*, 245 Ariz. 197, 217, ¶ 75 (2018) (quoting *State v. Vincent*, 159 Ariz. 418, 423 (1989)). "Placing the prestige of the state behind its witness 'involves personal assurances of a witness's veracity,' while '[t]he second type of vouching involves prosecutorial remarks that bolster a witness's credibility by reference to matters outside the record.'" *Id.* (quoting *State v. King*, 180 Ariz. 268, 277 (1994)).

¶18      The State's comments did not constitute improper vouching. The comment neither "place[d] the prestige of the government behind its witness" nor "suggest[ed] that information not presented to the jury supports the witness's testimony." *See Acuna Valenzuela*, 245 Ariz. at 217, ¶ 75. The comments were phrased as argument, and the State made clear that that argument was based on testimony that was presented to the jury. Further, the record contains sufficient evidence to permit the State to make such an argument. *See Morris*, 215 Ariz. at 336, ¶¶ 51–52 (noting prosecutors have "wide latitude" in presenting arguments to the jury and may argue "all reasonable inferences from the evidence").

¶19      Additionally, even if the comments did constitute improper vouching, the comments were at most harmless error because the court instructed the jurors that statements of counsel did not constitute evidence. *See id.* at 336–37, ¶ 55 (finding that even if comments were improper, the court's instructions to the jury that the lawyers' arguments were not evidence negated their effect). The court did not abuse its discretion by denying Dompkowski's motion for mistrial.

**CONCLUSION**

¶20      Based on the foregoing, we affirm Dompkowski's convictions and sentences.

AMY M. WOOD • Clerk of the Court
FILED:   AA