606 P.2d 16

**STATE of Arizona, Appellee,**

v.

**Larry Eugene EVANS, Appellant.**

**No. 3721–2.**

Supreme Court of Arizona,
En Banc.

Jan. 10, 1980.

Rehearing Denied Feb. 13, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

HAYS, Justice.

Appellant Larry Eugene Evans was convicted of first-degree murder and sentenced to death. He appealed and the issues raised on that appeal were considered in *State v. Evans*, 120 Ariz. 158, 584 P.2d 1149 (1978). Pursuant to our opinion in *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979), we remanded in order to permit presentation by defendant of any mitigating circumstances. Upon resentencing, the death penalty was again imposed. We have jurisdiction under A.R.S. § 13–4031.

Initially, appellant attempts to resurrect the specter of the unconstitutionality of Arizona's death penalty. We resolved that issue in *Watson, supra*, and shall consider no arguments answered therein.

The only new issues raised are:

1. Did the lower court err in disregarding testimony of a psychiatrist?
2. Was it proper for the judge to refresh his memory from his personal notes of the trial, which occurred three years earlier?

At the second mitigation hearing the question of appellant's mental capacity was raised for the first time. The appellant was examined by two court-appointed psychiatrists, one of whom, Dr. Cleary, subsequently testified at the mitigation hearing. Pursuant to stipulation under Rule 11.5(a), Rules of Criminal Procedure, 17 A.R.S., the reports of both psychiatrists were submitted to the court.

Prior to the hearing, appellant's counsel sent a court-authorized investigator to California to investigate leads concerning appellant's previous mental problems. The investigator brought back two reports from a psychiatrist who had examined appellant in 1971 to determine his mental capacity to

face prosecution on criminal charges. The reports, which were admitted in evidence at the hearing, diagnosed appellant as suffering from schizophrenia. These reports were made available to Dr. Cleary prior to his testimony at the hearing.

In his testimony, Dr. Cleary indicated that he had examined the appellant on January 29, 1979. He was asked to give his opinion as to the appellant's mental condition on January 8, 1976, the date of the murder. Dr. Cleary indicated that there was a strong possibility that on that date the appellant's ability to conform his conduct might have been impaired. He further indicated, however, that there was only a possibility that appellant's conduct was significantly impaired.

Near the end of Dr. Cleary's testimony, the court examined him as follows:

Q Doctor, as a result of your examination and report in January 1979, you did not make a diagnosis of schizophrenia?

A That's correct.

Q So, I take it that assuming the diagnosis was made in 1971, it is not present as far as you are concerned, today?

A Yes.

Q Or at the time you made your examination?

A Yes, that's correct.

Q And that's why you don't know whether or not it was present in 1976?

A Yes. That's why I can't be more definite about it.

Q Therefore your opinion is not based on any degree of medical certainty?

A That's correct, Your Honor.

■ The court in rendering its special verdict prior to imposing sentence did consider the testimony of Dr. Cleary but found there was only a possibility that the appellant's capacity to conform his conduct to the requirements of the law was significantly impaired. This possibility was considered along with appellant's conduct at the time the crime was committed, and his conduct and demeanor at the time of trial. The court found that the mitigating circumstance was not established. Our independent examination and study of the record reached the same conclusion.

■ Finally, appellant asserts error in the trial judge's use of his personal notes to refresh his memory. Prior to sentencing, the judge referred to notes he had made at the trial three years earlier without allowing appellant to read the notes. Although the notes concerned matters in evidence at the trial and the judge twice stated that he was using them, appellant made no objection or request to see them. By failure to timely object, appellant has waived this point on appeal. *State v. Lee*, 114 Ariz. 101, 559 P.2d 657 (1976); *State v. Goldsmith*, 112 Ariz. 399, 542 P.2d 1098 (1975).

Pursuant to the statutory obligation of A.R.S. § 13–4035, we have considered the complete record and find no fundamental error.

The sentence is affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.