708 P.2d 738

**STATE of Arizona, Appellee,**

v.

**Larry Eugene EVANS, Appellant.**

**No. 3721–4–PC.**

Supreme Court of Arizona,
En Banc.

Oct. 17, 1985.

**58**

Robert K. Corbin, Atty. Gen. by Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Chief Justice.

This matter is before us on the defendant's petition for review of the denial of post-conviction relief under Rule 32, Rules of Criminal Procedure, 17 A.R.S. The defendant's conviction for first-degree murder was affirmed in *State v. Evans*, 120 Ariz. 158, 584 P.2d 1149 (1978), *cert. denied*, 449 U.S. 891, 101 S.Ct. 252, 66 L.Ed.2d 119 (1979). His death sentence was affirmed in *State v. Evans*, 124 Ariz. 526, 606 P.2d 16 (1980).

All of the issues raised by the defendant in this Rule 32 petition were denied except the issue concerning the proof of the aggravating factor found by the trial judge upon which the death sentence is predicated. The trial judge had found that the defendant was previously convicted of a felony in the United States involving the use or threat of violence on another person. The matter was remanded to the trial judge to specify the evidence he used to support the finding of the aggravating circumstances used in the sentence. After compliance by the trial judge, the defendant filed an objection to the trial court's findings contending that the evidence did not support the finding of an aggravating factor under the death penalty statute. We accepted review of this issue.

The record below establishes that the defendant was convicted in April 1967 in San Diego County, California, of the crime of attempted robbery, first degree (Exhibits 1 and 2). The relevant California statutes (West's Ann. Penal Code) in effect at the time provided:

**§ 211. Definition**

ROBBERY DEFINED. Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

Section 211a defined the degrees of robbery:

**§ 211a. Degrees**

All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon, and the

robbery of any person who is performing his duties as operator of any motor vehicle, streetcar, or trackless trolley used for the transportation of persons for hire, is robbery in the first degree. All other kinds of robbery are of the second degree.

Section 213 set forth the punishment for robbery in the first degree:

### § 213 Punishment

Robbery is punishable by imprisonment in the state prison as follows:

1. Robbery in the first degree for not less than five years.

\* \* \* \* \* \*

Section 664 defined and stated the punishment for attempted crimes:

### § 664 Attempts; punishment

Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts as follows:

1. **Offense punishable by five years or more.** If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted; provided, however, that if the crime attempted is one in which there is no maximum sentence set by law or in which the maximum sentence is life imprisonment or death the person guilty of such attempt shall be punishable by imprisonment in the state prison for a term of not more than 20 years.

\* \* \* \* \* \*

The defendant admitted at trial that he had been convicted of two felonies in the state of California in 1967 and 1968.

Q   Larry, have you ever been convicted of a felony?

A   Yes, sir, I have.

Q   When?

A   April, 1967.

Q   Where?

A   San Diego County, California.

Q   What were you convicted of?

A   Attempted armed robbery, in the first degree.

Q   Have you ever been convicted of any other felonies?

A   Yes, sir. In December 1968, I was convicted of conspiracy to incite a riot.

Q   Where?

A   In San Joaquin County, California.

Q   Have you ever been convicted of any other felony?

A   No, sir.

Reporter's Transcript vol. 4 p. 70 (8/26/76).

There is also additional information in the record which indicates the nature of the defendant's crime. The statement by the District Attorney, filed with the court in compliance with § 1203.01 of the California Penal Code, states that the defendant was armed with a .22 caliber Iver Johnson revolver at the time of the crime. (Exhibit 2)

The defendant does not contest the foregoing, but he points out that the judgment of conviction specifically notes that he was not armed with a deadly weapon at the time of the commission of the offense. From this fact he argues that there can be no basis for the trial judge to conclude that he was convicted of a crime involving the use or threat of violence on another person.

The defendant's conclusion is without merit for two reasons. First, the nature of the crime for which defendant stands convicted could not be committed in California without the use of force or fear against the person of another. *People v. Davis*, 50 Cal.Rptr. 215, 241 Cal.App.2d 51 (1966). Second, the entry in the judgment of conviction upon which defendant bases his claim is a section dealing with sentence enhancement and not the nature of the crime.

The specific paragraph in the judgment of conviction, to which defendant refers, states:

Defendant was not armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest *within the meaning of Penal Code Section 3024.* (Emphasis supplied).

To understand ·the significance of the above paragraph, reference must be made to the California statutory sentencing scheme in effect in 1967. Section 969c of the California Penal Code provided in part:

Whenever a defendant is armed with a firearm or other weapon under such circumstances as to bring said defendant within the operation of Section 3024 of the Penal Code relating to certain minimum penalties or of Section 12022 of the Penal Code, *the fact that the defendant was so armed shall be charged in the accusatory pleading.* * * * (Emphasis supplied).

Section 3024 of the California Penal Code provided in part:

3024. The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence:

(a) For a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, two years;

\*  \*  \*  \*  \*  \*

 The foregoing statutory references are sentence enhancement provisions applicable to those defendants who have been charged and convicted of a felony with an allegation and finding that they were armed with a deadly weapon at the time of the commission of the offense. In the case of defendant Evans, the charging document did not allege that he was armed with a firearm or other weapon under such circumstances to bring him within the operation of § 3024. The absence of such an allegation did not, however, change the nature of the crime of which the defendant was convicted. The absence of an allegation under § 3024 resulted in the defendant being given a sentence within the limits prescribed by § 664 without the mandatory minimum term provided by § 3024.

Having reviewed the record and analyzed the relevant California statutory provisions, we conclude that the aggravating circumstance found by the trial judge is fully supported by the evidence.

The relief sought by the defendant is denied.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.