625 P.2d 320

**STATE of Arizona, Appellee,**

v.

**Pete Luis MORENO, Appellant.**

**No. 4942.**

Supreme Court of Arizona,
En Banc.

Feb. 20, 1981.
Rehearing Denied March 24, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Michael D. Jones, Asst. Attys. Gen., Phoenix, for appellee.

Steven H. Schneider, Phoenix, for appellant.

HAYS, Justice.

Following trial to a jury, appellant was convicted of first degree murder and was sentenced to life imprisonment without possibility of parole for 25 years. Taking jurisdiction pursuant to A.R.S. § 13–4031 (Supp.

1980), we affirm the judgment of conviction and the sentence.

Appellant was convicted of murdering Ernesto Salinas outside a Phoenix bar on January 12, 1979, at 1:00 A.M. The victim's wife, Christina Salinas, was an eyewitness to the killing. Additional facts necessary for the determination of this appeal shall be discussed throughout the opinion.

**I**

■ Appellant first contends he was denied the effective assistance of counsel because his trial attorney failed to investigate potential defenses, to consult with appellant, and to introduce evidence to support an instruction on a lesser degree of murder.

In support of his contentions, appellant offered at an evidentiary hearing held in connection with his motions for new trial,[1] testimony designed to demonstrate the availability of a diminished capacity "defense."[2] The testimony revealed that, at the time of the murder, appellant had purportedly consumed considerable quantities of beer, injected heroin, and was under the influence of a prescription drug, Serax. Appellant argues that trial counsel was aware of those facts and that adequate investigation would have revealed witnesses whose testimony would have elicited those facts at trial.

From the first interview between appellant and his trial counsel through appellant's testimony at trial, appellant insisted he remembered clearly what happened the night of the shooting and he flatly stated that he did not shoot Ernesto Salinas. Trial counsel stated that at the first interview he raised the issue of voluntary intoxication and alternative defenses and urged appellant to tell him if he didn't remember all that occurred. Appellant made the remark that "I remember what happened that night, and I did not shoot that man."

Appellant insistently and consistently asserted his innocence at a bond hearing, in his correspondence with trial counsel, and at trial. There was no indication that appellant's recollection was faulty, unclear, or incomplete. We feel that trial counsel was entitled to rely upon his client's assertions and was under no obligation to disprove their veracity. Moreover, the investigation conducted by trial counsel revealed past heroin use, including prior heroin-related convictions, and the use of the prescription medication, Serax. Pretrial interviews with a number of witnesses failed to disclose either current drug use or abuse of the prescribed drug. Following the verdict, those same witnesses amended their recollections to reveal extensive heroin use and a marked increase in the amount of beer reportedly consumed by appellant at the time of the murder.

Given appellant's adamant denial of guilt and his recollection of the evening's events as well as the investigations which revealed witnesses essentially able to corroborate appellant's original story, we do not think it was incumbent upon trial counsel to pursue inconsistent alternative theories not based upon the facts presented to him. Nor do we think, as appellant's new counsel appeared to argue at the evidentiary hearing, that trial counsel should exceed the bounds of ethical, if not legal, propriety and present a defense inconsistent with the facts. In argument, second defense counsel stated:

"[T]he concept of how to prepare a case is not necessarily consistent with the facts. And on one hand, under disguised facts, evade them or enlarge them or even create them; facts that never occurred. There is no problem in doing that. All you need is somebody who is prepared to

---

1. Appellant's three motions included: Motion for New Trial claiming *inter alia* failure to give a lesser included offense instruction; Supplemental Motion for New Trial arguing ineffective assistance of counsel; and Second Supplemental Motion for New Trial maintaining violation of the attorney-client privilege.

2. Apparently appellant refers to A.R.S. § 13–503 which allows the jury to consider voluntary intoxication, not as a defense, but as it relates to a particular defendant's culpable mental state. *See State v. Laffoon*, 125 Ariz. 484, 610 P.2d 1045 (1980); *State v. Cooper*, 111 Ariz. 332, 529 P.2d 231 (1974).

consistently perjure, and they're easy to find. You can find almost anyone in any community, who is otherwise respected and otherwise respectable, willing to perjure himself or herself for proper bond, or—

"And all that was available. . . ."

We sincerely hope we have misunderstood the argument with respect to the suborination of perjury as an alternative theory of the case.

■ Appellant would also have us reject the current standard by which we weigh claims of ineffective assistance of counsel; that is, whether the proceedings were rendered a sham or mockery of justice, *State v. Dippre*, 121 Ariz. 596, 592 P.2d 1252 (1979); *State v. Kruchten*, 101 Ariz. 186, 417 P.2d 510 (1966), *cert. denied*, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967), and replace it with the reasonably effective assistance of counsel standard. We have no occasion to address the issue here because no matter which standard is applied, trial counsel's efforts were satisfactory. *See State v. Williams*, 122 Ariz. 146, 593 P.2d 896 (1979). In fact, at the close of trial, the court observed:

And while it is fresh in my mind, I do want to say that both the State and the defense counsel have, in the Court's opinion, done an excellent job in respect to their respective clients, and I appreciate that.

## II

Appellant next argues that the attorney-client privilege was violated when trial counsel met with a deputy county attorney prior to the evidentiary hearing on the motions for new trial and revealed certain previously privileged information. Appellant would have us hold that if the privilege was violated it was prejudice per se entitling appellant to a new trial.

■ The claim of ineffective assistance of counsel is a direct attack on the competence of an attorney and constitutes a waiver of the attorney-client privilege. *State v. Griswold*, 105 Ariz. 1, 457 P.2d 331 (1969);

*State v. Krutchen, supra.* The attorney may reveal at least that much of what was previously privileged as is necessary to defend against the charges raised. It is not only the integrity of the attorney which is at stake but that of the entire fact-finding process. *State v. Griswold, supra.* Whether it be on appeal, *State v. Lawonn*, 113 Ariz. 113, 547 P.2d 467 (1967), in the form of a petition for post-conviction relief, or, as here, in a motion for new trial, the court must have before it all relevant facts relating to the claim. The defendant may not hide unfavorable information behind a curtain of privilege.

■ It is appellant's contention that the privilege must be waived formally with attendant safeguards to insure procedural due process. We think that once allegations are filed and become part of the public record, the waiver attaches, and the accused counsel shall then be afforded the opportunity to defend himself and make the necessary preparations incident thereto.

■ Here, because of the impending motion for new trial based on ineffective assistance of counsel, trial counsel was allowed to withdraw on September 7, 1979. On September 18, 1979 trial counsel was deposed by new counsel. While the deputy county attorney did not attend the deposition, the proceeding was not closed nor was any protective order sought. The Supplemental Motion for New Trial was filed September 26, 1979 and the interview between trial counsel and the prosecutor occurred on October 17, 1979. At least to the extent of the charges made in the Supplemental Motion for New Trial, the attorney-client privilege had been waived prior to the interview.

We note that at the interview trial counsel was careful to reveal information only related to the charges filed in the motion and only so much of trial counsel's file as related to the charges was disclosed. Both trial counsel and the prosecutor proceeded cautiously in order that information, at least arguably still privileged, was protected. We find no violation of the attorney-client privilege.

### III

Finally, appellant maintains that the trial court erred by refusing to give his requested instruction on second degree murder.

The trial court must instruct on every grade of an offense which evidence adduced at the trial will support. *State v. Contreras*, 107 Ariz. 68, 481 P.2d 861 (1971). To support an instruction for second degree murder, the evidence reasonably construed should tend to show lack of premeditation. *State v. Sorenson*, 104 Ariz. 503, 455 P.2d 981 (1969). The presence of such evidence is dispositive.

Here, the evidence revealed a 15–20 minute argument between appellant and the victim. Later appellant was observed outside the bar crouched behind a dumpster by the victim's wife. Sometime following this initial observation, Christina Salinas left the bar to go to her home located immediately behind the bar. At that time she saw appellant still crouched behind the dumpster and watched him shoot her husband as he walked out of the bar. This evidence did not support lack of premeditation; therefore, the requested instruction was properly refused.

Pursuant to the mandate of A.R.S. § 13–4035 (Supp.1980), we searched the record for fundamental error and finding none, the judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.