828 P.2d 773

**STATE of Arizona, Appellee,**

v.

**John Byron CUFFLE, Appellant.**

**Nos. CR–91–0105–AP [3376],
CR–91–0106–AP [3377].**

Supreme Court of Arizona,
En Banc.

Feb. 27, 1992.

Grant Woods, Atty. Gen., Paul J. McMurdie, Atty. Gen.'s Office, Chief Counsel, Criminal Appeals Section, Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender, James H. Kemper, Deputy Maricopa County Public Defender, Phoenix, for appellant.

## OPINION

GORDON, Chief Justice, Retired.

John Byron Cuffle (appellant) appeals to this court from the trial court's findings that appellant's no contest pleas to the offenses of armed kidnapping and murder were entered in full compliance with the requirements of rule 17.2, Ariz.R.Crim.P., 17 A.R.S., and that appellant fully understood the nature of each charge being made against him both before and when he entered his no contest pleas. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. §§ 12–102 and 13–4033.

## FACTUAL AND PROCEDURAL HISTORY

This case arises out of an unusual set of facts and covers a period of more than seventeen years. A brief summary of the facts is in order to fully understand the procedural posture of this case.

In 1975, appellant was charged with armed kidnapping in one case and first degree murder in a second case. Pursuant to a plea agreement that stipulated that the sentence on the murder charge would be life imprisonment, he entered no contest pleas to both charges. The trial court sentenced appellant to consecutive terms of 75 to 100 years in prison on the armed kidnapping charge and life with eligibility for parole in 25 years on the murder charge. Appellant's appointed counsel on appeal filed an *Anders* brief in both cases. Counsel stated that he studied the record on appeal in an attempt to discover some error that would support an appellate presentation and found no appealable issue.

This court, in a memorandum decision, remanded the case "to determine if, at the time of the pleas of no contest, the defendant knew, or was advised by counsel before the pleas, of the nature of the offenses to which he was pleading no contest." *State v. Cuffle*, Cr. 3376 and 3377, slip op. at 3 (Ariz., July 21, 1976). This court went on to state that

> [i]f the superior court finds that the defendant knew or was adequately informed of the nature of the offenses, that court will make appropriate findings and advise this Court of such findings. If the superior court finds that the defendant was not aware or was not advised by his counsel of the nature of the charges, that court will set aside the pleas of no contest and proceed to try the matters.

*Id.*

The trial court set the hearing for September 30, 1976, but on the day the hearing

was to be held, appellant advised the court that he wished to dismiss his appointed appellate counsel and withdraw his appeal. The court allowed appellant to reconsider this decision. The following day appellant reaffirmed his decision and the court permitted him to discharge his attorney and withdraw his appeal. This court, once advised of this occurrence, issued an order dismissing the appeal and affirming the conviction and original sentences. (October 16, 1976)

Appellant reopened his case in collateral proceedings in federal court, resulting in *Cuffle v. Goldsmith*, 906 F.2d 385 (9th Cir.1990). That court returned the case to the Arizona trial court for reinstatement of the proceedings directed by this court's 1976 remand order. This action placed the case in the posture it had held at the point when appellant dismissed his counsel and required the trial court to hold the hearing.

Prior to the trial court's hearing, however, the State filed a pleading entitled "Motion to Find Waiver of Attorney/Client Privilege" in which it indicated that it intended to call Doug McVay, the attorney who represented appellant at the time of his pleas, as a witness. The trial court granted the motion over appellant's objection and ruled that the privilege had been waived.

The trial court then held, in two sessions, the required hearing to determine whether, at the time of the no contest pleas, appellant knew or had been advised by counsel of the nature of the offenses to which he was pleading no contest. At one session of the hearing the State called Mr. McVay as a witness and the court ordered him to testify over the continuing objection of appellant on the grounds of attorney-client privilege. After the hearings, the trial court filed a minute entry outlining its findings and conclusions. It stated that

> at the time of his no contest pleas, the [appellant] knew or had been advised by counsel of the precise nature of the offenses to which he was pleading no contest. These pleas were knowingly, voluntarily and intelligently entered by the [appellant] and accepted by the trial

court in full compliance with the applicable provisions of Rule 17, Rules of Criminal Procedure.

M.E. February 21, 1991.

Appellant then filed this appeal, arguing that: 1) the trial court erroneously ruled that appellant waived his attorney-client privilege; 2) the trial court erred in admitting exhibit 14 (appellant's Ninth Circuit brief) during the hearing; 3) the trial court deprived appellant of effective assistance of counsel in ordering Mr. McVay to testify, violating the sixth and fourteenth amendments of the United States Constitution; and 4) the record does not affirmatively show that appellant understood the nature of the charges against him when he entered his no contest pleas.

## DISCUSSION

Appellate review of a trial court's findings of fact is limited to a determination of whether those findings are clearly erroneous. *State v. Burr*, 126 Ariz. 338, 339, 615 P.2d 635, 636 (1980). From our review of the record in this case, we do not find that the trial court's findings of fact are clearly erroneous.

### 1. Waiver of Attorney–Client Privilege

■ Appellant's first argument is that the trial court erred when it found that he waived the attorney-client privilege and ordered his attorney at the time of his no contest pleas to testify. We disagree. In general, the attorney-client privilege is not absolute. Because this privilege is personal to the client, he may elect to waive the protection of the privilege. Such a waiver is a consent to disclosure of the communications that occurred between the client and the attorney. A.R.S. § 13–4062(2); *State v. Griswold*, 105 Ariz. 1, 5, 457 P.2d 331, 335 (1969); *Mountain States Telephone and Telegraph Co. v. DiFede*, —— Colo. ——, ——, 780 P.2d 533, 542 (1989).

■ Usually such a waiver is explicit. That is, the client expressly gives his consent for the attorney to testify about their communications. A client also waives the attorney-client privilege, however, if he

claims that the attorney has rendered ineffective assistance. Such a claim "is a direct attack on the competence of an attorney and constitutes a waiver of the attorney-client privilege." *State v. Moreno*, 128 Ariz. 257, 260, 625 P.2d 320, 323 (1981); *Griswold*, 105 Ariz. at 5, 457 P.2d at 335. Under a direct ineffective assistance of counsel claim, an attorney should be allowed to defend himself, at least with regard to the particular contentions asserted, by revealing "at least that much of what was previously privileged as is necessary...." *Moreno*, 128 Ariz. at 260, 625 P.2d at 323; *State v. Zuck*, 134 Ariz. 509, 515, 658 P.2d 162, 168 (1982).

In this case, appellant argues that he has not made an ineffective assistance of counsel claim and, therefore, he has not waived the attorney-client privilege as to his attorney, Mr. McVay. Because there was and is no ineffective assistance claim, he argues, the trial court erred when it ordered Mr. McVay to testify during the hearing. Appellant states that the plain language of A.R.S. § 13–4062(2) prohibits such testimony. Section 13–4062(2) states: "A person shall not be examined as a witness in the following case[]: ... 2. An attorney, without consent of his client, as to any communication made by the client to him, or his advice given thereon in the course of professional employment."

We agree that the statute's plain language prohibits an attorney from testifying unless a client gives express consent to such testimony or explicitly or implicitly makes an ineffective assistance of counsel claim. Our 1976 remand order stated that the trial court was to hold a hearing to determine whether appellant "knew, or was *advised by counsel* before the pleas, of the nature of the offenses...." (Emphasis added.) Appellant now claims that he did not understand the nature of the offenses before pleading no contest, but he states that by making such a claim he is not arguing that his trial counsel at the time, Mr. McVay, was ineffective. Appellant can not have it both ways.

When appellant argues that he was unaware of the nature of the charges at the time he entered his no contest pleas, he is implicitly, if not explicitly, questioning the competency and reputation of the attorney who represented him at that point. Appellant is arguing that his attorney did not give him the information needed at that time to make a knowing or informed decision about his pleas and that his attorney allowed him to enter pleas to charges he did not comprehend. Because appellant is making this claim, we see no error in the trial court's order regarding Mr. McVay. As we stated in *Moreno*, "[t]he claim of ineffective assistance of counsel is a direct attack on the competence of an attorney and constitutes a waiver of the attorney-client privilege." 128 Ariz. at 260, 625 P.2d at 323.

A defendant will not be allowed to use the attorney-client privilege as a shield to block inquiry into an issue that he has raised. *See Bishop v. Superior Court*, 150 Ariz. 404, 411 n. 4, 724 P.2d 23, 30 n. 4 (1986). Although the appellant in *Moreno* made an explicit claim of ineffective assistance, and therefore *Moreno* may be distinguished factually from this case, we do not find the distinction significant enough to avoid applying *Moreno's* reasoning in this case. Appellant's claim attacks the integrity not only of the attorney, but also of the entire fact-finding process. *Id.* In order to make an appropriate finding, the trial court needs to have all relevant facts relating to the claim before it. *Id.* We do not believe the trial court erred in this hearing when it allowed appellant's trial attorney to testify regarding the specific issue of whether or not appellant entered into informed no contest pleas.

It is also clear from the testimony at the hearing that Mr. McVay did not reveal any confidences beyond the boundaries of the specific inquiry. Although Mr. McVay did not have independent recollections of his conversations with appellant, he did testify as to his usual procedures and stated "I have no trouble telling [the court] that I can conclude and assume that I discussed the facts of this case, the nature of the charges, et cetera, with Mr. Cuffle in serious and substantial detail." R.T. at 65,

February 1, 1991. In at least two other statements, Mr. McVay testified that he was satisfied that appellant knew what the nature of the charges were when he entered his no contest pleas. R.T. at 70, February 1, 1991. Furthermore, Mr. McVay testified that it was his practice not to allow such proceedings to transpire unless the defendant understood the facts and the nature of the charges. R.T. at 71, February 1, 1991.

We hold that the trial court did not err when it found that appellant had waived the attorney-client privilege and ordered Mr. McVay to testify.

### 2. *Error in Admitting Exhibit 14*

█ Appellant argues that the trial court erred in admitting exhibit 14 during the hearing. The trial court accepted exhibit 14 as a true and accurate copy of appellant's opening brief to the Ninth Circuit in *Cuffle v. Goldsmith*, 906 F.2d 385 (9th Cir.1990). It relied on counsel's avowal and on the document itself for foundation to admit the document. Appellant argues that the trial court erred in two respects. First, the document was not relevant to this hearing because it showed, if anything, a past ineffectiveness claim that had been resolved by the Ninth Circuit. Second, the evidence should not have been admitted because it lacked foundation because the papers were not authenticated or exemplified.

█ We find no error in admitting exhibit 14. The State introduced the exhibit to show specifically that appellant waived his attorney-client privilege by arguing ineffective assistance of counsel in federal court. Because we find that appellant waived his attorney-client privilege by claiming that he did not understand the nature of the charges against him when he made his no contest pleas, such a document is superfluous. Moreover, even if the trial court erred in admitting the exhibit without foundation, the error was harmless because the trial court specifically stated that it was not relying on any federal claims in finding waiver. R.T. at 45, February 1, 1991.

### 3. *Appellant's Ineffective Assistance of Counsel Claim*

█ Appellant argues that when the trial court ordered Mr. McVay to testify during the hearing, it effectively deprived appellant of his right to counsel in violation of the sixth and fourteenth amendments to the United States Constitution by rendering Mr. McVay ineffective. We find no merit to this argument.

As stated above, the court ordered Mr. McVay to testify solely about the specific charge raised by appellant that he did not know, or was not advised by counsel before the pleas, of the nature of the offenses to which he pled no contest. Ordering such limited testimony allows the court to consider all relevant facts to reach an informed decision and allows the attorney to defend himself against an implied claim of ineffective assistance.

In order to prove ineffective assistance, appellant must show that 1) counsel's performance was unreasonable under the circumstances of the case and 2) a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984); *State v. Rockwell*, 161 Ariz. 5, 12, 775 P.2d 1069, 1076 (1989). Both prongs of this test must be proven or the claim is insufficient. *Id.; State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

Appellant has proven neither of the prongs of the test for ineffective assistance. We are not prepared to say that counsel's properly compelled testimony was an unprofessional error that affected the outcome of the proceedings. Nor can we say that it was unreasonable for Mr. McVay to testify when under a court order to do so.

We also note that the court indicated it relied on testimony other than Mr. McVay's in reaching its finding that appellant fully understood the nature of each charge being made against him both before and at the time he entered his no contest pleas. This testimony included the psychiatrists who

examined appellant prior to his pleas, the adult probation officer who interviewed appellant after his pleas, and the detective who investigated the case and attended the plea proceedings. M.E., February 21, 1991. We do not believe that Mr. McVay's proper testimony rendered him ineffective, thereby depriving appellant of his right to counsel.

### 4. Affirmative Showing in Record of Appellant's Understanding of Pleas

Appellant argues that neither the original record nor the current findings of fact affirmatively shows that appellant understood, or was informed by counsel before the pleas, the nature of the charges to which he pled. We disagree and find that the entire record makes an affirmative showing of understanding.

First, the record shows that appellant was present at the original plea hearing. The trial court read the charging documents to appellant, addressed appellant in open court and questioned him on the record with respect to his plea. Appellant was represented by counsel throughout the plea hearing and his sentencing.

Second, the findings of fact and conclusions of law from the trial court affirmatively show that, based on his customary practices, Mr. McVay was certain that he informed appellant about the nature of the charges to which he was pleading. Because of the number of years that had passed since the entry of the no contest pleas, Mr. McVay relied on his customary practice rather than a specific or independent recollection of his discussion with appellant about the charges.

The original record, along with the trial court's findings and conclusions incorporating the testimony of Mr. McVay, the psychiatrists who examined appellant to determine whether he was competent to stand trial, the probation officer and the investigating officer, are sufficient to make an affirmative showing that appellant knew or was adequately informed of the nature of the offenses at the time he entered his pleas.

## DISPOSITION

We find that the trial court made the appropriate findings that appellant fully understood the nature of each charge being made against him both before and when he entered his no contest pleas. The pleas of no contest are affirmed, as well as the original sentences imposed by the trial court.

FELDMAN, C.J., MOELLER, V.C.J., CORCORAN, J., and CAMERON, J. (retired), concur.