NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

FRANCISCO JAVIER SANTOS BARAJAS, *Petitioner*.

No. 1 CA-CR 13-0576 PRPC

FILED 4-23-2015

---

Petition for Review from the Superior Court in Maricopa County
No. CR 2010-130961-001 DT
The Honorable Randall H. Warner, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Francisco Javier Santos Barajas, Globe
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1 Francisco Javier Santos Barajas (Barajas) petitions for review of the denial of both his petition for post-conviction relief and motion for rehearing, which were filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered his petition and, for the reasons stated, grant review and deny relief.

¶2 In 2010, Barajas was convicted by a jury of aggravated assault, a class 3 felony and dangerous offense. The trial court sentenced Barajas to an aggravated ten-year prison term. We affirmed his conviction and sentence on appeal. *State v. Barajas*, 1 CA-CR 10-1028 (Ariz. App. Jan. 3, 2012) (mem. decision).

¶3 Barajas filed a timely petition for post-conviction relief in which he alleged trial counsel rendered ineffective assistance by failing to communicate and discuss the advantages and disadvantages of a plea offer extended by the State prior to trial.[1] The trial court held an evidentiary hearing on the claim and denied relief, finding the plea offer could not have been communicated to and accepted by Barajas because it was immediately withdrawn, and even if it had been open and conveyed, Barajas would not have accepted its terms. The trial court thereafter denied Barajas's motion for rehearing.

¶4 Barajas contends the trial court erred in denying him relief on his claim. To obtain relief on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards, and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 694.

¶5 When a trial court finds a claim colorable and conducts an evidentiary hearing, the defendant has the burden of proving all factual allegations by a preponderance of the evidence. Ariz. R. Crim. P. 32.8(c). After an evidentiary hearing, "our review of the trial court's findings of fact is limited to a determination of whether those findings are clearly

---

[1] This plea offer would have required Barajas to plead to the offense as charged in exchange for a stipulation to the presumptive prison term of 7.5 years.

erroneous." *State v. Sasak*, 178 Ariz. 182, 186, 871 P.2d 729, 733 (App. 1993) (citing *State v. Cuffle*, 171 Ariz. 49, 51, 828 P.2d 773, 775 (1992)). In reviewing the findings, "we must view the facts in the light most favorable to sustaining the lower court's ruling, and we must resolve all reasonable inferences against the defendant." *Id.* (citing *State v. Atwood*, 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992)). When "the trial court's ruling is based on substantial evidence, this court will affirm." *Id.* (citing *Atwood*, 171 Ariz. at 597, 832 P.2d at 614).

¶6        The record supports the trial court's ruling. In its order denying relief, the trial court made a finding of fact that although there had been an initial plea offer made by the State, the offer had been immediately withdrawn before defense counsel had any opportunity to convey the offer to Barajas. The court therefore concluded that defense counsel was not ineffective in failing to convey the plea offer because, having already been withdrawn, it could not have been accepted by Barajas. Because the testimony presented at the evidentiary hearing provided substantial evidence that there had been no plea offer that could have been accepted, we have no basis for disturbing the trial court's ruling that Barajas failed to sustain his burden of proving he was deprived of effective assistance of counsel. Additionally, the trial court did not abuse its discretion in its denial of Barajas's motion for rehearing.

¶7        Accordingly, although we grant review, we deny relief.

