NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARCO ANTONIO VERDUGO, JR., *Petitioner*.

No. 1 CA-CR 15-0480 PRPC
FILED 3-21-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2011-107285-001
CR2011-129826-001
The Honorable Pamela Hearn Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Marco Antonio Verdugo, Jr., San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

**M c M U R D I E**, Judge:

¶1        Marco Antonio Verdugo, Jr., ("Verdugo") petitions for review from the dismissal of his petition for post-conviction relief. For the foregoing reasons, we grant review but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In CR2011-107285 ("the 285 case"), the State indicted Verdugo on three counts: 1) possession of dangerous drugs for sale, a class 2 felony, 2) possession of narcotic drugs for sale, a class 2 felony, and 3) possession of drug paraphernalia, a class 6 felony. In a separate cause of action, CR2011-129826 ("the 826 case"), the State charged Verdugo with the same criminal offenses as the 285 case.

¶3        The State offered Verdugo a plea agreement in the 285 case by which he would agree to serve a 7.5-year prison term. On November 14, 2011, the day the offer was set to expire, the superior court held a pre-trial conference on both matters, and noted the offer's expiration date. Defense counsel responded, "[j]udge, I actually got a little confused . . . because [the State] sent me a plea offer —an e-mail that had the plea cutoff date in December."[1]

¶4        On May 2, 2012, Verdugo pled guilty to one count of possession of dangerous drugs for sale (methamphetamine) in both cases, and agreed to serve concurrent sentences of 8 to 10 years' incarceration. The court subsequently dismissed the remaining counts in both cases, and sentenced Verdugo to concurrent presumptive 10-year prison terms, with 296 days' presentence incarceration credit for the 285 case, and 296 days' incarceration credit for the 826 case.

¶5        Verdugo petitioned the superior court for post-conviction relief ("PCR"), claiming ineffective assistance of counsel based on his

---

[1]        A prosecutor, not assigned to Verdugo's case, appeared on behalf of the State at the November 14 pre-trial conference.

lawyer purportedly telling him at the November 14 conference "to hold off on signing this plea because he [Verdugo's counsel] could do better than the 7.5 flat years once he conferenced with . . . [the Case Prosecutor.]"[2] According to Verdugo, counsel's advice led him to not sign the original plea offer.

¶6        To determine the viability of Verdugo's claim, the superior court conducted an evidentiary hearing. At the hearing, Verdugo and his trial counsel testified. Counsel testified that he did not advise Verdugo to reject the first plea offer because counsel could obtain more favorable terms, but because he had not yet received a written plea offer regarding the 826 case. Counsel explained, "as a matter of policy, matter of course, a matter of practice," he never tells clients he can get a "better plea" because he does not know whether he can achieve such an outcome. Counsel asserted that signing the plea offer in one case before the State offered a written agreement covering both cases would not have been in Verdugo's best interest because a conviction in one case could be used as a prior conviction and affect the sentencing structure in his subsequent case. Finally, counsel testified that at no point did Verdugo express a desire to accept either of the State's plea offers.

¶7        Verdugo testified counsel instructed him not to sign the written plea offer in the 285 case because counsel promised to obtain more favorable terms. Verdugo further testified that had he known the written offer expired on November 14, he would have signed the plea agreement that day.

¶8        The superior court found counsel's testimony to be credible and dismissed Verdugo's petition for PCR. Verdugo unsuccessfully moved for reconsideration. This timely petition for review followed.

¶9        Verdugo challenges the superior court's finding that counsel's testimony was more credible. Specifically, Verdugo argues the court erred by finding counsel did not inform him that counsel could obtain more favorable terms as the basis for counsel's advice to refrain from

---

[2]        Verdugo also raised an ineffective assistance of counsel claim based on counsel's "allow[ing] [the] Court to use 'elements dismissed pursuant to the Plea Contract' to enhance petitioner's Sentence above the 8-year term to the 10-year term." The superior court dismissed this claim, and, on review, Verdugo does not argue the court erred in doing so.

signing the 285 case's 7.5-year plea offer. Verdugo also contends the court erred by finding the offer did not expire on November 14, 2011.

## DISCUSSION

**¶10**        We review a superior court's findings of fact after an evidentiary hearing to determine if they are clearly erroneous. *State v. Cuffle*, 171 Ariz. 49, 51 (1992). We will affirm the court's ruling if it is based on substantial evidence. *State v. Sasak*, 178 Ariz. 182, 186 (App. 1993).

**¶11**        We have reviewed Verdugo's petition for review and we reject Verdugo's arguments. Credibility determinations rest solely with the superior court. *State v. Fritz*, 157 Ariz. 139, 141 (App. 1988). Similarly, it is for the superior court to resolve conflicting testimony and to weigh witness credibility. *State v. Alvarado*, 158 Ariz. 89, 92 (App. 1988). Verdugo's trial counsel's testimony, *supra* ¶ 6, illustrates counsel did not inform Verdugo that he could obtain a more favorable plea offer, and counsel testified the original November 14, 2011, effective date was extended to December 6, 2011. Accordingly, substantial evidence supports the superior court's findings. No clear error occurred. Thus, the superior court did not abuse its discretion by denying Verdugo's petition for post-conviction relief. *See State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007) ("We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion.").

## CONCLUSION

**¶12**        We grant review but deny relief.[3]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]        In his reply, Verdugo requests that we strike the State's response. We decline to do so.