NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JEROD LANCE WADE, *Petitioner*.

No. 1 CA-CR 16-0640 PRPC
FILED 7-13-2017

Petition for Review from the Superior Court in Mohave County
No. S8015CR201201226
The Honorable Steven F. Conn, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Jerod Lance Wade, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which
Presiding Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

**T H O M P S O N** , Judge:

**¶1**         Jerod Lance Wade petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**         A jury convicted Wade of taking the identity of another, unlawful flight from law enforcement, and possession of drug paraphernalia. Wade admitted one prior historical felony. The superior court sentenced Wade to mitigated, but consecutive, prison terms. Wade appealed and this court affirmed the judgments and sentences. *State v. Wade*, 1 CA-CR 13-0222, 2014 WL 1921186 (May 13, 2014) (mem. decision).

**¶3**         Wade timely filed a notice of post-conviction relief (PCR). After reviewing the transcripts and record, including trial counsel's file, appointed counsel advised the court that counsel could find no colorable claims.  Wade then filed a pro se petition. He raised claims ineffective assistance of counsel (IAC). He also claimed that he was deprived of his right to counsel because of a complete breakdown of communication, his admission to the prior felony was invalid, and his sentences were illegally ordered to run consecutively. The superior court properly found that the claims were not colorable or were precluded.[1]

**¶4**         Wade moved for rehearing and for the first time alleged IAC of his appellate counsel. The motion was denied.  This petition for review followed.

**¶5**         Initially, Wade complains that his trial counsel violated the attorney-client privilege in this proceeding. However, Wade waived the privilege when he alleged his trial counsel was ineffective. *State v. Cuffle*,

---

[1]     Rather than attach defense counsel's affidavit as required by Ariz. R. Crim. P. 32.6(a), the state responded by improperly incorporating counsel's statements in the body of its response. The superior court noted its "absolute disapproval" and refused to consider the response, noting:

> The Court takes this opportunity to express in no uncertain terms its absolute disapproval of a prosecutor in a Rule 32 proceeding where ineffective assistance of trial counsel is being claimed to submit a substantive pleading addressing such claims which is nothing more than a responsive pleading prepared by the very attorney whose performance at trial is being questioned.

171 Ariz. 49, 51-52, 828 P.2d 773, 775-776 (1992). Wade also complains that the prosecutor and trial counsel were "buddy-buddy, co-associate[s]" who "teamed up" to respond to his PCR, and that the response was untimely filed. We do not decide this issue. We note first that the superior court did not consider the response when it ruled on Wade's PCR. Secondly, Wade's complaint is not properly presented in this petition for review. *See* Ariz. R. Crim. P. 32.9(c)(1) (stating in part a petition for review shall contain the issues decided by the trial court which the defendant wishes to present to the appellate court). Finally, generally the responsibility for determining ethical conduct of lawyers rests exclusively with the Arizona Supreme Court. *Lang v. Superior Court, In and For County of Maricopa*, 170 Ariz. 602, 603, n. 1, 826 P.2d 1228, 1229 (App. 1992).

¶6 Wade next complains that the superior court did not explain its reasons for denying his motion for rehearing, and that state failed to respond to his motion for rehearing. There is no requirement that the court explain its reasons for denying a motion for rehearing, and unless requested by the court, the state is not permitted to file a response to a motion for rehearing. Ariz. R. Crim. P. 32.9(a).

¶7 Finally, Wade argues that the failure to present his issues on direct appeal is his counsel's fault, not his fault and thus, the issues are not precluded. Wade did not properly present this issue to the superior court. He improperly raised it for the first time in his motion for rehearing. Ariz. R. Crim. P. 32.9(a) (motion for rehearing shall set forth in detail grounds wherein trial court erred) and 32.6(d) (after petition filed, no amendments absent leave of court). Issues not first presented to the trial court may not be presented in the petition for review. *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 821 P.2d 236 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). A petitioner must strictly comply with Rule 32 or be denied relief. *Bortz*, 169 Ariz. at 578, 821 P.2d at 239. Therefore, we do not consider this claim.

¶8 As to the remaining claims of IAC, the superior court analyzed each IAC claim and found that either the record failed to support the claim, or that Wade could not show prejudice. On review, Wade has not shown any abuse of discretion by the superior court. Absent an abuse of discretion or error of law, this court will not disturb the trial court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012).

¶9     We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA