NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MATTHEW THOMAS MCCALL, *Petitioner*.

No. 1 CA-CR 19-0065 PRPC

FILED: 10-8-2019

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201701601
The Honorable Patricia A. Trebesch, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Susan L. Eazer
*Counsel for Respondent*

Craig Williams Attorney at Law P.L.L.C., Prescott Valley
By Craig Williams
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

---

**M c M U R D I E**, Judge:

**¶1**         Matthew Thomas McCall petitions this court for review from the dismissal of his petition for post-conviction relief filed according to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**         The State charged McCall with one count each of sexual conduct with a minor and indecent exposure. At the arraignment, the superior court granted the State's request to appoint a *guardian ad litem* ("GAL") to represent the child victim. The court ordered the county public defender to make the appointment, but the public defender objected because such an appointment exceeded the public defender's statutory authority. A GAL was not appointed before McCall changed his plea and was sentenced. McCall pled guilty to attempted sexual conduct with a minor, and the superior court sentenced him to an aggravated eight-year prison term followed by lifetime sex offender registration.

**¶3**         McCall timely commenced Rule 32 proceedings, claiming his sentence was beyond the range the court had "promised to [him]." Noting the victim's recantation to law enforcement of her initial disclosure regarding McCall's inappropriate touching, McCall also argued his lawyer provided constitutionally deficient representation by failing to ensure the appointment of a GAL. Similarly, McCall claimed the court, when it imposed the sentence, inadequately considered the victim's recantation. After conducting an evidentiary hearing ("Rule 32 Hearing") to address McCall's claims, the superior court denied his petition. This timely petition for review followed.

**¶4**         "A petition for post-conviction relief is addressed to the sound discretion of the trial court," and this court reviews "a trial court's factual findings for clear error." *State v. Herrera,* 183 Ariz. 642, 647–48 (App. 1995) (citing *State v. Schrock*, 149 Ariz. 433, 441 (1986) and *State v. Cuffle*, 171 Ariz. 49, 51 (1992)). We view the facts in the light most favorable to sustaining the court's ruling, resolve all reasonable inferences against the petitioner, and will affirm the court's ruling if it is based on substantial

evidence. *State v. Sasak*, 178 Ariz. 182, 186–87 (App. 1993) (citing *State v. Atwood*, 171 Ariz. 576, 596–97 (1992), *disapproved on other grounds by State v. Nordstrom*, 200 Ariz. 229, 241, ¶ 25 (2001)). The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶5**         Regarding the propriety of the eight-year sentence, the plea agreement expressly stated that a conviction for attempted sexual conduct with a minor, a class 3 felony, "carries a presumptive sentence of **3.5 years**; a minimum sentence of **2.5 years** (a mitigated sentence of **2 years**); and a maximum sentence of **7 years** (an aggravated sentence of **8.75 years**)." At the change-of-plea hearing when the superior court verbally outlined the available sentencing range, it mentioned only the presumptive, minimum, and maximum terms; the court did not refer to the 8.75-year aggravated term. Thus, according to McCall, his eight-year sentence "exceeded the sentence promised by [the court]."

**¶6**         In dismissing this claim at the conclusion of the Rule 32 Hearing, the superior court found McCall "understood the terms of the plea," and, recognizing the change-of-plea court's incomplete recitation of the available sentencing range, the court noted neither attorney alerted the court to the error before the court accepted McCall's guilty plea. The court also found defense counsel had adequately advised McCall that he could receive up to 8.75 years' imprisonment.

**¶7**         The court's findings are supported by the record. Before he pled guilty, McCall confirmed with the change-of-plea court that he read the entire plea agreement, his attorney explained it to him, and he understood it. McCall's attorney testified at the hearing that, before McCall accepted the State's plea offer, he advised McCall he could be sentenced to between 3.5 and 8.75 years. McCall presented no evidence to the contrary.

**¶8**         We reject McCall's characterization of the change-of-plea court's erroneous recitation of the sentencing range as a "promise" that McCall would receive no more than a seven-year prison term. Instead, the court—by omitting the aggravated term—relayed an incomplete range that could have readily been corrected had counsel or McCall, informed the court of the error. No evidence presented at the Rule 32 Hearing indicates McCall would not have pled guilty had the court corrected its verbal error

to align with the plea agreement.[1] *See State v. Chavez*, 243 Ariz. 313, 318, ¶ 15 (App. 2017) ("[I]f PCR counsel raises an ineffective assistance of counsel claim for failing to properly advise the defendant about the plea agreement, PCR counsel must present evidence developed outside the court record.").

¶9        For these reasons, McCall fails to establish the superior court abused its discretion by denying his sentencing claim. Relief on this ground is, therefore, unwarranted.

¶10        McCall next contends the superior court erred in dismissing his ineffective assistance of counsel claim. Specifically, McCall argues that defense counsel and the court should have ensured that a GAL was appointed for the victim. However, McCall offered no statutory authority for the court to appoint a GAL. Additionally, McCall challenges the court's finding that the victim's mother's representative sufficiently advocated the victim's position at sentencing regarding leniency. The record, however, supports the court's finding; thus, we reject McCall's argument.

¶11        Representing the victim's mother at sentencing, the victim representative explained to the court that the victim and her mother "beg for counseling, rehabilitation, help in any way, shape or form Mr. McCall can get it. They also ask for the minimum sentence available. It's in large part because the family sees that the registration requirement as sufficient to protect the family, and to hold Mr. McCall accountable through the duration[.]" Before sentencing, the court also considered a letter from the victim requesting rehabilitation for McCall, not additional incarceration. Based on this record, the court did not abuse its discretion by rejecting the ineffective assistance of counsel claim.

¶12        We grant review but deny relief.

AMY M. WOOD • Clerk of the Court
FILED:        RB

---

[1]        Thus, to the extent McCall implies counsel provided ineffective assistance by failing to request the court correct its incomplete description of the available sentence, we reject such a claim. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (a colorable claim of ineffective assistance of counsel requires a defendant to show that counsel's performance fell below objectively reasonable standards and that the deficient performance resulted in prejudice to the defendant).