NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RICHARD PALAZZETTI, *Petitioner*.

No. 1 CA-CR 19-0103 PRPC
FILED 10-22-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2017-132537-001
The Honorable Joseph P. Mikitish, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Richard Palazzetti, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**P E R K I N S,** Judge:

¶1        Richard Palazzetti petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Palazzetti pleaded guilty to one count of attempted sexual exploitation of a minor and one count of attempted sexual abuse. The superior court sentenced him to seven years' imprisonment on the exploitation charge, to be followed by lifetime probation on the abuse charge.

¶3        Palazzetti timely initiated proceedings for post-conviction relief and filed a *pro se* petition after opting not to request appointment of counsel. The superior court summarily dismissed his petition, occasioning our review. Absent an abuse of discretion, we will not disturb the superior court's denial of post-conviction relief. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016).

¶4        Palazzetti contends the superior court erred in rejecting his ineffective assistance of counsel claim. Palazzetti faults his attorney for purportedly failing to (1) obtain transcripts of alleged victim interviews, (2) explain the consequences of pleading to a preparatory offense, (3) negotiate a plea with a stipulated prison term, (4) present exculpatory or mitigating evidence to the superior court, and (5) file a timely notice of appeal. Palazzetti further asserts that his guilty plea was unlawfully induced and that his right against self-incrimination was infringed, although he does not specify whether defense counsel or some other actor caused these violations.

¶5        The superior court acted within its discretion in dismissing Palazzetti's petition for post-conviction relief. "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this

deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We need not address both deficient performance and prejudice "if the defendant makes an insufficient showing on one." *State v. Pandeli*, 242 Ariz. 175, 181, ¶ 6 (2017) (quoting *Strickland*, 466 U.S. at 697). Palazzetti raises no colorable claims of ineffective assistance.

**¶6**      The record shows that Palazzetti reviewed the interview of the alleged victim and that his attorney used the victim's interview statements in order to negotiate a more favorable plea. Palazzetti does not explain why his attorney's failure to obtain interview transcripts was "unreasonable under the circumstances," *State v. Cuffle*, 171 Ariz. 49, 53 (1992), or how the lack of transcripts "affected the outcome of the proceedings," *id.*

**¶7**      The record also belies Palazzetti's assertions that his attorney otherwise performed deficiently with respect to the plea and resulting sentence. By negotiating a plea to preparatory offenses, as opposed to the completed offenses with which Palazzetti was charged and which formed the basis of the State's initial plea offer, defense counsel significantly reduced Palazzetti's prison exposure. *See* A.R.S. § 13-705(J), (O). Contrary to Palazzetti's contention, defense counsel also presented evidence favorable to him in support of a mitigated prison term. As a result of his attorney's performance, Palazzetti received less prison time than what the State requested both in its initial plea offer and at sentencing.

**¶8**      Nor is Palazzetti entitled to relief on the ground that his attorney failed to file a notice of appeal. Palazzetti agreed in his plea agreement to "waive[ ] and give[ ] up his right to appeal," a decision consistent with State law, which bars defendants who plead guilty in noncapital cases from filing a direct appeal. *See* A.R.S. § 13-4033(B); Ariz. R. Crim. P. 17.1(e). The Supreme Court recently held that where a defendant instructs counsel to file a notice of appeal, the attorney's failure to timely do so is constitutionally deficient and presumptively prejudicial, even if the defendant pleaded guilty and waived the right to appeal in a plea agreement. *Garza v. Idaho*, 139 S. Ct. 738, 747–50 (2019).

**¶9**      Palazzetti prepared his petition for post-conviction relief using a form document, in which he checked a box stating, as a ground for relief, "[t]he failure of defendant/petitioner's attorney to file a timely notice of appeal after being instructed to do so." Palazzetti provides no specific facts in the petition or otherwise in support of his claim that he asked his attorney to file an appeal. *See State v. Donald*, 198 Ariz. 406, 413, ¶ 17 (App.

2000) (observing that defendants "must provide specific factual allegations," and not merely "conclusory assertion[s]," to warrant an evidentiary hearing on an ineffective assistance claim). Assuming without deciding that *Garza* would apply retroactively, we conclude it nonetheless does not apply here. *See Garza*, 139 S. Ct. at 746 (emphasizing that counsel's failure to file a notice of appeal was deficient because of the defendant's "clear requests" that counsel do so).

¶10     Palazzetti's generalized claims of an unlawfully induced plea and infringement of his right against self-incrimination are also insufficient to justify an evidentiary hearing. At a settlement conference preceding his change of plea, Palazzetti engaged in a lengthy colloquy with the court, the prosecutor, and his counsel concerning the terms of the State's plea offer. Thereafter, Palazzetti confirmed he understood the plea agreement, confirmed he understood the consequences of pleading guilty, confirmed his plea was voluntary, and admitted to facts in support of his guilt on both counts. Palazzetti's unsubstantiated claim that his plea was involuntary does not suffice to merit relief. Palazzetti's self-incrimination claim is also baseless as he provides no facts explaining who infringed his right against self-incrimination or how.

¶11     We decline to consider additional grounds for relief that Palazzetti raised before the superior court but did not identify in his petition for review. *See* Ariz. R. Crim. P. 32.9(c)(4)(D) ("A party's failure to raise any issue that could be raised in the petition . . . for review constitutes a waiver of appellate review of that issue.").

¶12     We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA